UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 11-10002

CLEOTHA C. PARKER,

    Defendant.

## ORDER AND OPINION

This matter is now before the Court on Defendant's Motion for Compassionate Release requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 45). For the reasons stated below, his Motion is DENIED.

### BACKGROUND

Defendant has an extensive criminal history beginning with a state conviction for aggravated battery in 1987. (ECF No. 33 at 3). In 1990, Defendant was convicted of unlawful possession of a controlled substance with intent to deliver. *Id.* Then, in 1995, Defendant was sentenced to 150 months' imprisonment for possession of crack cocaine with intent to distribute. *Id.* After being released from prison, Defendant's supervised release was revoked in 2011 for the offense in the instant case. On May 10, 2011, Defendant pleaded guilty to Count One of the Indictment charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). (d/e 05/10/2011; ECF No. 11). Defendant was sentenced to 180 months' imprisonment. (d/e 8/16/2011; ECF No. 22). His expected release date is December 3, 2023. (ECF No. 47 at 1).

Defendant filed his first motion for compassionate release on July 29, 2020. (ECF No. 31). The Court denied the motion on August 5, 2020, and Defendant appealed. (d/e 8/5/2020; ECF No.

36). The Seventh Circuit dismissed his appeal on December 11, 2020. (ECF No. 43). On April 29, 2021, Defendant filed a Second Motion for Compassionate Release. (ECF No. 44). The Court appointed the Federal Public Defender's Office to represent him. (d/e 4/29/2021). On May 12, 2021, counsel filed an amended Second Motion for Compassionate Release on Defendant's behalf. (ECF No. 45). On May 17, 2021, the Government filed a response opposing compassionate release. (ECF No. 49). The U.S. Probation Office filed a memorandum stating that Defendant's proposed release plan to reside with his fiancé is suitable. (ECF No. 47 at 2). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons ("BOP") file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Sentencing Commission, however, has not updated its policy statements since the First Step Act came into effect. Prior to the passage of the First Step Act, federal judges were only able to release prisoners for compassionate release reasons upon motion by the BOP. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The First Step Act gave judges the power to grant compassionate release on a prisoner's own motion provided that the prisoner first allowed the BOP

to review the request and make a recommendation or thirty days had passed since the prisoner submitted his or her request to the BOP. *Id*. The Seventh Circuit determined that the most recent policy statements from the Sentencing Commission do not apply to prisoner-initiated motions because the guidelines only address those motions that were brought pursuant to a BOP motion. *Id*. at 1180. Accordingly, the Seventh Circuit held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement." *Id*. This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

Despite the Seventh Circuit clarifying that courts are not bound by the Sentencing Commission's guidelines regarding compassionate release when an inmate brings the motion, the Seventh Circuit strongly suggested that those guidelines are still relevant to district courts' decisions. *Id*. at 1180. The Seventh Circuit explained that the guidelines provide a "working definition" of "extraordinary and compelling reasons" and cautioned that a judge who "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id*. "In this way the Commission's analysis can guide discretion without being conclusive." *Id*. The Seventh Circuit further stated that it would "expect" district judges to give the BOP Director's analysis regarding the prisoner's request "substantial weight, even though under the First Step Act the Director's views are not controlling." *Id*. Based on the available guidance from the Seventh Circuit, this Court will give great weight to the Sentencing Guidelines regarding motions for compassionate release even though they are not binding in this case.

If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control and Prevention (CDC) as elevating the inmate's risk of becoming seriously ill

from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(A)(ii)(I). A chronic condition (i.e., one "from which [the defendant] is not expected to recover" reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. *Id*.

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Finally, this Court is disinclined to grant a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." *See* USSG § 1B1.13(2).

## DISCUSSION

Defendant argues his medical conditions constitute extraordinary and compelling reasons for compassionate release. The Government urges the Court to deny his Motion because Defendant contracted COVID-19 and recovered and has received both doses of the vaccine. (ECF No. 49 at 1). Additionally, the Government argues that the § 3553(a) factors do not support a sentence reduction, and Defendant remains a danger to the community. *Id*. at 1-2. The Court finds that the

4

exhaustion requirements have been met, and therefore, addresses this matter on the merits. (ECF No. 50-3).

I. **Defendant failed to establish extraordinary and compelling reasons for a reduced sentence.**

A court may grant a sentence reduction if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

A. **FCI Pekin**

Defendant is currently located at FCI Pekin, a facility with 1,171 total inmates. *Federal Bureau of Prisons*, *FCI Pekin*, https://www.bop.gov/locations/institutions/pek/ (last visited 06/06/2021). The BOP is currently administering vaccines to staff and inmates, and as of June 7, 2021, FCI Pekin had fully vaccinated 123 staff members and 553 inmates. *Federal Bureau of Prisons, COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited 06/08/2021). As of June 8, 2021, there are no active COVID-19 cases among inmates; nine among staff; no inmates have died; and 728 inmates and seventy-eight staff members have fully recovered. *Id.* Thus, the case numbers and vaccine distribution efforts indicate that this facility's COVID-19 issues are waning.

B. **Defendant's health**

Defendant is fifty-nine years old and has been diagnosed with diabetes, hyperlipidemia (high cholesterol), hypertension, and chronic kidney disease. (ECF No. 50-1 at 2). He takes prescription medications to treat these conditions. *Id.* During a medical appointment in April

2021, Defendant was assessed as appearing well. *Id.* Defendant claims he has undiagnosed tuberculosis, but this claim is not supported by his medical records. (*Id.*; ECF No. 50-2).

The Government acknowledges that Defendant's health conditions pose an increased risk of severe illness from COVID-19. (ECF No. 49 at 2). However, Defendant recovered from COVID-19 and received both doses of the Pfizer vaccine. (ECF No. 50-4; ECF No. 50-5).

The Government argues that Defendant's COVID-19 recovery and immunizations indicate his health concerns no longer qualify as an extraordinary circumstance. (ECF No. 49 at 1). Courts across the country have consistently ruled that inmates who receive a COVID-19 vaccine and inmates who have recovered from COVID-19 are unlikely to show extraordinary and compelling circumstances to justify relief. *See United States v. Garcia*, No. 4:05-cr-40098, 2021 WL 1857126, at *6 (C.D. Ill. May 10, 2021) ("The circumstances Defendant describes in his motion no longer appear to be compelling, given Defendant has been fully vaccinated against COVID-19."); *United States v. Loute*, No. 2:15-cr-99-FtM-38MRM, 2021 WL 1946701, at *4 (M.D. Fla. May 14, 2021) ("Being fully vaccinated means Defendant has a very low risk of developing COVID-19 that will result in death or serious illness – even considering medical history."); *United States v. Loyal*, No. 19-725, 2021 U.S. Dist. LEXIS 104936, at *6 (D. N.J. June 3, 2021) ("Courts have noted that there is an extremely small likelihood that a fully vaccinated individual, such as Defendant, will contract COVID-19 and become seriously ill.") (quoting *United States v. Pabon*, No. 17 Cr. 312, 2021 U.S. Dist. LEXIS 28602, at *4 (S.D. N.Y. Feb. 16, 2021); *United States v. Gipson*, No. 20-10232, 829 F. App'x 780, 781 (9th Cir. Nov. 9, 2020) (affirming the district court's denial of a motion for compassionate release because Defendant had already recovered from COVID-19); *United States v. Shrout*, No. 3:15-CR-00438-JO, 2020 WL 3483703, at *9 (D. Or. June, 26, 2020) (ruling that

Defendant did not show sufficient reasons to reduce his sentence because he had already recovered from COVID-19).

Although Defendant has pre-existing health conditions, his immunizations and previous recovery from COVID-19 drastically reduce further risks from COVID-19. Consequently, compassionate release is unwarranted.

**II.     The § 3553(a) sentencing factors weigh against release.**

Defendant, who has served over eighty percent of his sentence, states that he plans to work when he is released and will comply with any conditions of supervised release this Court imposes. (ECF No. 22; ECF No. 45 at 4; ECF No. 47 at 1). Although he has a suitable release plan, the Court is troubled by his poor history of compliance with "community-based terms of supervision." (ECF No. 33 at 3; ECF No. 47 at 2).

Defendant's criminal history is extensive and serious. He has been convicted of two state offenses and two federal offenses dating back to 1987, including a battery offense and multiple illicit drug offenses. According to the BOP, Defendant received five disciplinary infractions while incarcerated: possessing stolen property, refusing to complete his work assignment, possessing a dangerous weapon, assault without serious injury, and using phone or mail without authorization. (ECF No. 50-7 at 1-2).

To lessen Defendant's sentence would fail to reflect the seriousness of his offense, promote respect for the law, or provide adequate deterrence. The Court also finds that there is a need to protect the public from further crimes from this Defendant and that he poses a danger to community if released. *See* § 3553(a)(2). Therefore, Defendant's request for compassionate release is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Second Motion for Compassionate Release [45] is DENIED and his *pro se* Second Motion for Compassionate Release [44] is MOOT.

ENTERED this 17th day of June, 2021.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge